## DISCIPLINARY DOCKET

**95–2139. Dayton Bar Assn. v. Overman.**
On February 22, 1996, this court permanently disbarred respondent, John Overman, a.k.a. John Laurence Overman, Attorney Registration No. 0044025, and ordered him to immediately cease and desist the practice of law in Ohio, surrender his Certificate of Admission and attorney registration card, file an affidavit of compliance and pay board costs in the amount of $9,119.62. On May 23, 1996, this court ordered respondent to show cause why he should not be held in contempt for failure to comply with the court's order of February 22, 1996. On June 6, 1996, movant, Disciplinary Counsel, filed a motion for an order to show cause and an order to appear, and on August 7, 1996, this court granted the motion and ordered respondent to show cause in writing, by August 27, 1996, why he should not be held in contempt. Respondent did not respond and on September 25, 1996, this court found respondent in contempt and ordered him to appear in person before this court at 9:00 a.m. on October 8, 1996. Respondent failed to appear as ordered. On December 26, 1996, this court ordered that warrants be issued for the arrest of respondent to the Sheriffs of Montgomery and Butler Counties, and to the sheriffs of such other counties as the contemnor may frequent. On January 10, 1997, warrants for the arrest of respondent were issued to the Sheriffs of Montgomery, Butler and

Hamilton Counties.

On or about February 4, 1997, respondent was arrested and has since been held in the custody of the Sheriff of Hamilton County or the Sheriff of Franklin County. On February 5, 1997, this court ordered that respondent appear in person before this court, and on February 18, 1997, respondent appeared before this court to answer the contempt charge against him. Upon consideration thereof,

IT IS FURTHER ORDERED that respondent, John Overman, a.k.a. John Laurence Overman, serve a period of incarceration of fourteen days, with credit for time served.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before fifteen days from the date of this order.

IT IS FURTHER ORDERED that respondent pay the costs of these proceedings in the amount of $9,119.62, plus interest accrued at the rate of ten percent per annum from May 22, 1996, which costs shall be payable to this court by certified check or money order on or before ninety days from the date of this order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order respondent will be found in contempt of the Supreme Court and the matter will be referred to the Office of the Attorney General for collection.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his disbarment and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service of this order shall be made on respondent by the Sheriff of Franklin County.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.